# EXHIBIT A

**IN THE PENNSYLVANIA COURT OF COMMON PLEAS**
**LEHIGH COUNTY**

| | |
|---|---|
| JAMES HAVASSY, *individually, and on behalf of all others similarly situated,*<br>P.O. Box 90301<br>Allentown PA 18109<br><br>*Plaintiff,*<br><br>vs.<br><br>KELLER WILLIAMS REALTY, INC.,<br>1221 South Mopac Expy, Suite 400<br>Austin Texas 78746<br><br>*Defendant.* | **CLASS ACTION COMPLAINT**<br>--and--<br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, James Havassy, on behalf of himself and all others similarly situated, by and through his undersigned attorneys, submits his Complaint against Defendant Keller Williams Realty, Inc. In support thereof, Plaintiff states as follows:

### NATURE OF THE CASE

1. Plaintiff James Havassy ("Havassy") brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant Keller Williams Realty, Inc. ("Defendant" or "Keller Williams") for placing calls through its agent(s) "The Peter Hewitt Team" to Plaintiff and the putative class members' cellular telephones using a pre-recorded voice without their prior express consent, in violation of 47 U.S.C. §227(b) the Telephone Consumer Protection Act (TCPA) and the TCPA's corresponding regulations.

2. Havassy also brings this action individually and on behalf of others similarly situated seeking damages and any other available legal or equitable remedies resulting from the

unlawful actions of Defendant for placing calls through The Peter Hewitt Team to phone numbers registered on the National Do Not Call Registry for the purpose of soliciting real estate services without express consent or a pre-existing business relationship in violation of 47 U.S.C. §227(c) of the TCPA and the TCPA's corresponding regulations.

## PARTIES

3. Defendant is a National Real Estate corporation that employs various agents that hold themselves out as acting on behalf of Keller Williams.

4. As relevant to this Complaint, a group of agents referred to as "The Peter Hewitt Team" hold themselves out as agents that sell real estate for Keller Williams' benefit.

5. Defendant's website has an option where a user can "Find an Agent."

6. Peter Hewitt's name appears on Defendant's website as Defendant's agent who serves the states of Pennsylvania and New Jersey.

7. Upon clicking Mr. Hewitt's name on Defendant's website, Mr. Hewitt's contact information appears. Below the contact information states, "Market Center – Keller Williams Real Estate."

8. Defendant's website also includes an icon a user can click stating, "Connect with Peter Hewitt."

9. Upon clicking the "Connect with Peter Hewitt" icon, a user is required to accept Defendant's Terms of Use and Privacy Policy.

10. The Peter Hewitt Team's website prominently displays the Keller Williams logo on the header of the website.

11. On information and belief, agents that sell real estate for Defendant's benefit are required to use an e-mail address associated with Defendant.

12.     As relevant to this Complaint, The Peter Hewitt Team website states that it can be emailed at PeterHewittTeam@kw.com.

13.     The Peter Hewitt Team website does not state that the office is independently owned by an entity other than Defendant.

14.     One of Peter Hewitt's LinkedIn profiles states that Mr. Hewitt is a "Realtor at Keller Williams Real Estate."

15.     Mr. Hewitt's honors and awards state that he was part of the "#1 Team" for various Keller Williams offices on 13 separate occasions.

16.     A second LinkedIn profile maintained by Mr. Hewitt states that he is currently a "Real Estate Agent at Keller Williams Real Estate" and that he has held this position since July 2010.

17.     Mr. Hewitt's second LinkedIn profile states that his team was the "#1 team in closed sales volume" at "our Keller Williams Office" on four separate occasions.

18.     Defendant controls and has the right to control all forms of advertising using its name and logo, as used by its agents. These forms of advertising include telemarketing.

19.     A training presentation published by Defendant as part of "KW University" encourages its agents to attempt to sell Defendant's services through telemarketing. Specifically, Defendant's training materials state "Telemarketing . . . [is an] effective method[] of prospecting."

20.     Defendant also has specific "policies and guidelines" that it has published regarding telemarketing practices. These guidelines give Defendant the right to control the telemarketing practices used by Defendant's agents as the "policies and guidelines" require the caller to "state your name" and "the name of the office."

## JURISDICTION AND VENUE

21. At all times relevant to this Complaint, Plaintiff resided in the Township of Whitehall, in the County of Lehigh and in the Commonwealth of Pennsylvania.

22. Defendant is a Texas corporation who at all times material to this Complaint has been in good standing and authorized to transact business in the State of Pennsylvania.

23. Defendant employs numerous agents who regularly list and sell real estate situated in the Commonwealth of Pennsylvania.

24. Defendant purposefully availed itself to the Commonwealth of Pennsylvania by knowingly placing calls to Plaintiff's cell phones, and to various class members' cell phones and landline phones.

25. Defendant's calls to Plaintiff and many other class members were received in Lehigh County.

26. Accordingly, personal jurisdiction exists and venue is proper.

## FACTS CONCERNING THE PARTIES

27. At all times relevant to this Complaint, Havassy owned a cellular telephone, the number for which was (484) XXX-6744

28. At all times relevant to this Complaint, Havassy used the cell phone ending with digits 6774 primarily for residential purposes.

29. On or about January 1, 2016, Havassy registered his cell phone number ending in 6774 on the National Do Not Call Registry.

30. Havassy registered his number to avoid receiving unwanted telemarketing and solicitation calls.

31. At all times relevant to this Complaint, Havassy also owned a cell phone, the number for which was (610) XXX-5991.

32. At all times relevant to this Complaint, Havassy used the cell phone with digits ending in 5991 primarily for residential purposes.

33. On or about January 1, 2016, Havassy registered that cell phone number ending in 5991 on the National Do Not Call registry.

34. Havassy registered his number to avoid receiving unwanted telemarketing and solicitation calls.

35. In or around June of 2018, Havassy listed his previous home in Hanover Township, Pennsylvania for sale.

36. Havassy never listed his home for sale with Keller Williams.

37. Havassy had no previous business relationship with Keller Williams.

38. Havassy never consented or "opted-in" to receive solicitation calls from realtors.

39. Despite the fact that Mr. Havassy registered both of his cell phone numbers on the National Do Not Call Registry, and despite the fact that Havassy did not consent to Defendant (or its agents) to place solicitation calls to him, on or around December of 2018, Defendant's agents associated with the "Peter Hewitt Team" engaged in a campaign of intrusive and harassing pre-recorded calls to Havassy at his two cell phone numbers.

40. In or around December 2018, the "Peter Hewitt Team at Keller Williams" left a total of twenty-four (24) voicemails for Havassy on his cell phones which consisted of two form prerecorded messages.

41. The first prerecorded message stated:

> Hi, this is Peter Hewitt from the Peter Hewitt Team of Keller Williams. I see that your property is expired and I want to give

you a presentation on my and my real estate history to have the job of listing your property. I have 30 years of experience and a long history of happy customers. When you list with the Peter Hewitt Team we guarantee you'll be happy with the result. Please call me at (610) 597-4247. That's (610) 597-4247. Thank you and I'm looking forward to listing your property.

42. The first pre-recorded message is referred to in this Complaint as the "the Peter Hewitt message."

43. The second pre-recorded message stated:

Hi, I'm Kelly Houston with Peter Hewitt Team with Keller Williams. I am calling to list your home and would love the opportunity to work with you. I have years of experience and many happy customers. Please call me at 570-236-7881. Again, that's 570-236-7881. Thank you.

44. The second pre-recorded message is referred to in this Complaint as the "the Kelly Houston message."

45. In December 2018, Defendant, through its agents at the Peter Hewitt Team, placed unwanted solicitation calls to Havassy's cell phone numbers in the form of pre-recorded voicemails on the following dates and times:

**Calls to Plaintiff's Number Ending in 6744**

| Date | Time | Message |
|---|---|---|
| 12/11/2018 | 2:15 pm EST | Peter Hewitt Message |
| 12/11/2018 | 2:22 pm EST | Kelly Houston Message |
| 12/11/2018 | 3:06 pm EST | Peter Hewitt Message |
| 12/11/2018 | 5:07 pm EST | Peter Hewitt Message |
| 12/11/2018 | 8:02 pm EST | Kelly Houston Message |
| 12/11/2018 | 8:33 pm EST | Kelly Houston Message |
| 12/12/2018 | 12:04 pm EST | Peter Hewitt Message |
| 12/12/2018 | 2:05 pm EST | Kelly Houston Message |
| 12/12/2018 | 4:04 pm EST | Peter Hewitt Message |
| 12/18/2018 | 2:57pm EST | Peter Hewitt Message |
| 12/18/2018 | 6:03 pm EST | Peter Hewitt Message |
| 12/18/2018 | 8:32 pm EST | Kelly Houston Message |

**Calls to Plaintiff's Number Ending in 5991**

| Date | Time | Message |
|---|---|---|
| 12/11/2018 | 2:17 pm EST | Peter Hewitt Message |
| 12/11/2018 | 2:22 pm EST | Kelly Houston Message |
| 12/11/2018 | 3:06 pm EST | Peter Hewitt Message |
| 12/11/2018 | 5:04 pm EST | Peter Hewitt Message |
| 12/11/2018 | 8:02 pm EST | Kelly Houston Message |
| 12/11/2018 | 8:32 pm EST | Kelly Houston Message |
| 12/12/2018 | 12:04 pm EST | Peter Hewitt Message |
| 12/12/2018 | 2:05 pm EST | Kelly Houston Message |
| 12/12/2018 | 4:04 pm EST | Peter Hewitt Message |
| 12/18/2018 | 2:22 pm EST | Peter Hewitt Message |
| 12/18/2018 | 6:03 pm EST | Peter Hewitt Message |
| 12/18/2018 | 8:32 pm EST | Kelly Houston Message |

46. Defendant's calls were made for solicitation purposes, namely, to attempt to get Havassy to sell his home with Defendant.

47. On information and belief, these prerecorded voice calls were sent to hundreds, if not thousands, of putative class members.

48. On information and belief, Defendant sought a financial benefit from the prerecorded voicemails it placed to the putative class members as it attempted to derive business from these calls.

49. On information and belief, Defendant knew or had reason to know its agents, including agents that were part of Defendant's "The Peter Hewitt Team," placed the telemarketing calls at issue.

50. Keller Williams derives profit from and exercises control over its realtors- including the "Peter Hewitt Team."

51. Furthermore, the pre-recorded messages left on Plaintiff's voicemail, consistent with Defendant's policies and guidelines, identified Keller Williams as the organization for which Peter Hewitt Team was associated.

52. Accordingly, Peter Hewitt Team had actual and/or apparent authority to act on behalf of Keller Williams.

53. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff and the putative class members.

54. The acts and omissions described above were in violation of the TCPA.

55. Defendant's violations of the TCPA were knowing and willful.

## CLASS ALLEGATIONS

56. Plaintiff brings this claim on behalf of a class, pursuant to Pennsylvania Rule of Civil Procedure 1708.

57. Havassy seeks to represent the following classes:

> **Pre-recorded Voice Call Class:** All persons to whom Defendant (or its agents) placed calls on their cell phones which contained a pre-recorded voice identifying the Peter Hewitt Team of Keller Williams from four years before the filing of this Complaint through the date a class is certified.
>
> **Do-Not-Call List Class:** All persons who from four years before the filing of this Complaint to the date a class is certified: (1) received two or more pre-recorded voice calls soliciting real estate services in which the calls identify the "Peter Hewitt Team of Keller Williams"; (2) said calls were received by a number associated with a residential line or cell phone that was registered on the Do Not Call registry for over 30 days at the time of the calls; and, (3) said class member did not provide prior express written consent to be contacted by Defendant and did not have an established business relationship with Defendant.

58. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

59. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

60. Plaintiff's claims are typical of the class members, as all are based on the same

facts and legal theories.

61. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1708 of the Pennsylvania Rules of Civil Procedure because there is a well-defined community interest in the litigation.

63. Pursuant to Pa. R. Civ. P 1708(a)(2), class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

64. Pursuant to Pa. R. Civ. P. 1708(a)(1), common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

    a. Whether Defendant, or someone operating on its behalf, placed prerecorded voice calls to the cell phones of Plaintiff and the putative class members without obtaining the recipients' prior express written consent;

    b. Whether Defendant placed prerecorded voice calls to the cell phones of Plaintiff and the putative class members;

    c. Whether Defendant placed calls to Plaintiff and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

    d. Whether Defendant's conduct violates 47 U.S.C. § 227(b);

    e. Whether Defendant's conduct violates 47 U.S.C. § 227(c);

    f. Whether Defendant's conduct violates the rules and regulations implementing the TCPA; and,

    g. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

65. Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing prerecorded voice calls to the Plaintiff and the putative class members.

66. Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

67. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

68. The Class representative was at all times relevant hereto a resident of Lehigh

County. Upon information and belief, Defendant, through the Peter Hewitt Team solicits real estate throughout the Lehigh Valley, Southeastern Pennsylvania and New Jersey. Many class members reside in or near Lehigh County. Accordingly, this is an appropriate forum in which to adjudicate this dispute.

69. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Pa. R. Civ. P. 1710(d). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## COUNT I
## VIOLATTIONS OF §227(b) *et seq.* OF
## THE TELEPHONE CONSUMER PROTECTION ACT

70. Plaintiff incorporates the previous paragraphs as if fully stated in this Count.

71. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express written consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200 .

72. Defendant initiated multiple calls to Plaintiff which used a pre-recorded voice.

73. Defendant's calls to Plaintiff and the putative Class Members were not made for emergency purposes.

74. On information and belief, Defendant did not have prior express written consent to contact Plaintiff or the putative Class Members.

75. The violations by Defendant were done willfully and intentionally.

76. As a result of the above violations of the TCPA, Plaintiff and the putative class

members are entitled to all damages available to them under Section 227(b) of the TCPA.

## COUNT II
## VIOLATIONS OF §227(c) *et seq.* OF
## THE TELEPHONE CONSUMER PROTECTION ACT

77. Plaintiff incorporates the previous paragraphs as if fully stated in this Count.

78. The TCPA prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200 *et seq.*

79. Defendant contacted Plaintiff and other Class Members despite the fact that their telephone numbers were registered on the Do Not Call Registry.

80. Defendant called Plaintiff and other class members on two or more occasions within 12 months where their numbers had been listed on the Do Not Call registry for greater than 31 days.

81. The violations by Defendant were done willfully and intentionally.

82. As a result of the above violations of the TCPA, Plaintiff and the putative class members are entitled to all damages available to them under Section 227(c) of the TCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James Havassy, individually, and on behalf of the putative class members, requests that the Court grant the following relief against Defendant Keller Williams Realty, Inc.:

1) Enter an order against Defendant pursuant to Rules 1708 and 1710 of the Pennsylvania Rules of Civil Procedure, certifying this action as a class action and appointing Plaintiff as the class representative;
2) Enter an order appointing Kimmel & Silverman and Butsch Roberts & Associates LLC as class counsel;

3) Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation (of both 227(b) and 227(c)), or up to $1,500 per violation of each sub-section if Defendant willfully violated the TCPA;

4) Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from calling numbers registered on the National Do Not Call Registry;

5) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and,

6) Award Plaintiff and the class such further and other relief, including but not limited to any applicable pre-judgment and/or post-judgment interest, and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted,

Dated: September 23, 2021       Kimmel & Silverman, P.C.

By: /s/ Jacob U. Ginsburg
Craig T. Kimmel, Esq. (PA ID No. 57100)
Jacob U. Ginsburg, Esq. (PA ID. No. 311908)
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
kimmel@creditlaw.com
jginsburg@creditlaw.com
Email: teamkimmel@creditlaw.com

Butsch Roberts & Associates LLC
David T. Butsch (*pro hac vice* forthcoming)
Christopher E. Roberts (*pro hac vice* forthcoming)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: 314-863-5700
Fax: 314-863-5711
dbutsch@butschroberts.com
croberts@butschroberts.com
*Attorneys for Plaintiff, James Havassy, and all others similarly situated*

IN THE PENNSYLVANIA COURT OF COMMON PLEAS
LEHIGH COUNTY

| | |
|---|---|
| JAMES HAVASSY, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | |
| KELLER WILLIAMS REALTY, INC., | |
| Defendant. | |

## VERIFICATION

I, James Havassy hereby verify that I am the named plaintiff in the above-captioned matter. I verify that all allegations in the complaint are true and correct to the best of my knowledge information and belief subject to penalty of perjury under the Commonwealth of Pennsylvania.

SO VERIFIED:

_____
James Havassy

DATED: 9/22/21