IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES HAVASSY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **KELLER WILLIAMS REALTY, INC.,** | : | |
| **PETER HEWITT and KELLY HOUSTON** | : | **NO. 21-4608** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                               **September 29, 2022**

  This is the last of four putative class actions brought under the Telephone Consumer Protection Act (TCPA), 15 U.S.C. § 227(b) and (c), against Keller Williams Realty, Inc. ("Keller Williams"), for making unwarranted robocalls soliciting real estate listings to phone numbers on the National Do Not Call Registry. Keller Williams moves to dismiss this case or transfer it to the Western District of Texas where the first action was filed and is pending.[1]

  We conclude that the issues in this action and the earlier-filed action in Texas are substantially similar, if not identical. Therefore, pursuant to the first-filed rule, we shall transfer this action to the Western District of Texas for consolidation with the cases pending there.

---

[1] Keller Williams also moves to dismiss for lack of personal jurisdiction and for release based on the plaintiff's general releases given in settlement of actions against Keller Williams realtors. Because we are transferring this action, we do not address these other grounds.

## Background[2]

To avoid receiving unwanted telemarketing and solicitation calls, Havassy registered his two cell phone numbers on the National Do Not Call Registry.[3] In June 2018, he listed his Pennsylvania home for sale. He did not list it with Keller Williams or any Keller Williams affiliated realtors.[4] Between June and December 2018, Havassy received voluminous solicitation calls from numerous local Keller Williams realtors seeking to list his property.[5] In December, he received a total of twenty-four prerecorded voicemail messages on his two cell phone numbers just from Peter Hewitt and Kelly Houston, who identified themselves as members of "The Peter Hewitt Team of Keller Williams."[6]

Keller Williams encouraged, trained, and directed Hewitt and Houston to identify and solicit potential sellers to list their properties. Keller Williams offered its realtors the use of "LandVoice," a data and lead generation software service that identifies homeowners looking to sell their homes. The database did not exclude phone numbers on the National Do Not Call Registry. Keller Williams also provided training materials in telemarketing practices, such as "mass robocalling" and other methods that promote making as many telemarketing calls as possible.[7]

---

[2] The facts are as alleged in the First Amended Class Action Complaint (Doc. No. 22) ("Am. Compl."). For purposes of the motion, we accept them as true and draw all reasonable inferences from them in favor of Havassy.

[3] Am. Compl. ¶¶ 38–45.

[4] *Id.* ¶¶ 46–49.

[5] *Id.* ¶¶ 51–55.

[6] *Id.* ¶¶ 59–65, 77. Specifically, Hewitt left fourteen messages, and Houston ten. *Id.* ¶ 65.

[7] *Id.* ¶¶ 34–36, 50, 73–75.

In September 2021, Havassy brought this putative class action against Keller Williams in state court. He alleges that Keller Williams, "through its agent(s) 'The Peter Hewitt Team,'"[8] violated the TCPA when the agents placed solicitation calls to and left prerecorded messages on his and the putative class members' phones.[9] He claims that Keller Williams violated § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200[10] when its agents left prerecorded messages without prior express written consent.[11] He asserts that it violated § 227(c) and 47 C.F.R. § 64.1200[12] when its agents placed two or more calls leaving prerecorded messages to residential telephone subscribers who had registered their telephone numbers on the National Do Not Call Registry without first obtaining the prior express written consent of the called parties or without having an established business relationship with them.[13]

In his initial complaint, Havassy sought certification of the following classes:

> **Pre-recorded Voice Call Class:** All persons to whom Defendant (or its agents) placed calls on their cell phones which contained a pre-recorded voice identifying the Peter Hewitt Team of Keller Williams. . .

---

[8] Class Action Compl. and Demand for Jury Trial (Doc. No. 1–1) ("Compl.") ¶ 1. Although the original complaint did not name Hewitt or Houston as defendants, it referred to them as members of "'The Peter Hewitt Team' [who] hold themselves out as agents that sell real estate for [Keller Williams]." Compl. ¶¶ 4, 39-45.

[9] Compl. ¶¶ 1, 4; Am. Compl. ¶¶ 2–3.

[10] These provisions prohibit the placement of calls to a cellular telephone or landline using an automatic telephone dialing system or a prerecorded voice without the prior express written consent of the called party. *See* 47 U.S.C. § 227(a)(4), (b)(1)(A)(iii), (b)(1)(B); 47 C.F.R. § 64.1200(a)(1)(iii), (a)(2), (a)(3), (f)(9), (f)(13), (f)(15)(i).

[11] Compl. ¶¶ 1, 71–74; Am. Compl. ¶¶ 2, 106–09.

[12] These provisions prohibit telephone solicitation to any residential telephone subscriber who registered a telephone number on the National Do Not Call Registry unless the subscriber has provided prior express written consent to receive such calls or has an established business relationship with the telemarketer. *See* 47 U.S.C. § 227(c)(3)(F); 47 C.F.R. § 64.1200(c)(2)(ii), (f)(5), (f)(15)(ii).

[13] Compl. ¶¶ 2, 78–80; Am. Compl. ¶¶ 3, 113–116.

> **Do-Not-Call List Class:** All persons who from four years before the filing of the Complaint to the date a class is certified: (1) received two or more pre-recorded voice calls soliciting real estate services in which the calls identify the "Peter Hewitt Team of Keller Williams"; (2) said calls were received by a number associated with a residential line or cell phone that was registered on the Do Not Call Registry for over 31 days at the time of the calls; and, (3) said class member did not provide prior express written consent to be contacted by Defendant and did not have an established business relationship with Defendant.[14]

After Keller Williams removed the action to this court, Havassy filed an amended complaint, adding two local Keller Williams realtors, Peter Hewitt and Kelly Houston, as defendants. The proposed class definitions remain essentially the same as in the original complaint:

> **Pre-recorded Voice Call Class:** All persons from four years before the filing of the Complaint to the date of class certification to whom Defendants (or their agents) placed calls to cell phones which contained a pre-recorded voice identifying Peter Hewitt or Kelly Houston of Keller Williams.
>
> **Do-Not-Call List Class:** All persons who from four years before the filing of the Complaint to the date a class is certified: (1) received two or more pre-recorded voice calls soliciting real estate services in which the calls identify Peter Hewitt or Kelly Houston of Keller Williams; (2) said calls were received by a number associated with a residential line or cell phone that was registered on the Do Not Call Registry for over 31 days at the time of the calls; and, (3) said class member did not provide prior express written consent to be contacted by Defendants and did not have an established business relationship with Defendants.[15]

On September 12, 2018, three years before Havassy filed this action, Bruce Wright and Sam Tuli filed a nationwide putative class action against Keller Williams in the United

---

[14] Compl. ¶ 57.

[15] Am. Compl. ¶ 94.

4

States District Court for the Western District of Texas, *Wright v. Keller Williams Realty, Inc.*, Civ. A. No. 18-775, asserting similar claims and the same violations of the TCPA.[16] In the *Wright* case, the plaintiffs alleged that Keller Williams directed its franchisees to make unsolicited, prerecorded and autodialed calls to consumers without their consent, including calls to consumers registered on the National Do Not Call Registry.[17]

On January 22, 2021, the United States District Court for the Eastern District of Michigan transferred a later-filed similar TCPA putative class action to the Western District of Texas for consolidation with the *Wright* case pending there. *See Samataro v. Keller Williams Realty, Inc.*, No. 20-12185, 2021 WL 228903 (E.D. Mich. Jan. 22, 2021). A third case, *Asher v. Keller Williams Realty, Inc.*, No. 20-835, was filed in the Western District of Texas in August 2020, the same week that *Samataro* was filed in the Eastern District of Michigan. On April 27, 2021, Judge Robert Pitman, who was assigned all three cases, consolidated *Samataro* and *Asher* with *Wright*.[18] In June 2021, a consolidated complaint for the three actions was filed in the Western District.[19]

The class definitions in the Texas case—"Prerecorded No Consent Class" and "Do Not Call Registry Class"—are substantially similar to those in this action. Havassy's allegations place him in the "Prerecorded No Consent Class" and "Do Not Call Registry Class" putative classes of those cases. Additionally, Havassy's allegations that Hewitt,

---

[16] *See* Class Action Compl. and Demand for Jury Trial (Doc. No. 1 in *Wright* case).

[17] Two months later, the complaint was amended and Jorge Valdes was added as a named plaintiff. *See* Am. Class Action Compl. (Doc. No. 21 in *Wright* case), filed Dec. 18, 2018.

[18] *See* Judge Pitman's Orders in *Asher* (Doc. No. 30) and *Samataro* (Doc. No. 60), entered Apr. 27, 2021.

[19] The current operative pleading in *Wright* is the First Amended Consolidated Class Action Complaint, filed October 18, 2021 (Doc. No. 25-2 in this action and No. 83 in *Wright*) ("Am. Consol. Compl.").

Houston and "The Peter Hewitt Team" are Keller Williams real estate agents places them within the class definitions.

## Discussion

### *First-Filed Rule*[20]

Under the first-filed rule, federal cases sharing substantially similar subject matter must be decided by the court where the litigation was first filed. *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013) (citing *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990)). The rationale for the rule is to promote sound judicial administration and comity among federal courts. *Chavez v. Dole Food Co.*, 836 F.3d 205, 210 (3d Cir. 2016); *EEOC*, 850 F.2d at 971.

The rare exceptions to the rule are: (1) extraordinary circumstances; (2) the first filer engaged in inequitable conduct, acted in bad faith, or engaged in forum shopping; (3) the later-filed action has progressed further than the first-filed action; and (4) the first filer instituted suit in one forum in anticipation of the opposing party's filing an action in a less favorable forum. *EEOC*, 850 F.2d at 972, 976.

Once the second-filed court has determined that the first-filed rule applies, it has the discretion to dismiss, stay, or transfer the case. *Chavez*, 836 F.3d at 210. However, in exercising its discretion, a court should usually stay or transfer the second-filed action. *Id.* at 220–21.

In determining whether two putative class actions are substantially similar, the

---

[20] A determination of whether the first-filed rule applies is not a decision on the merits. Thus, we may consider a motion to dismiss, transfer or stay pursuant to the first-filed rule before considering a challenge to personal jurisdiction. *See Samataro v. Keller Williams Realty, Inc.*, No. 20-12185, 2021 WL 228903, at *8 (E.D. Mich. Jan. 22, 2021) (resolving later-filed parallel TCPA class action against Keller Williams under first-to-file rule and declining to rule on personal jurisdiction and venue challenge); 17 *Moore's Federal Practice* § 111.14[1] and [2] (Matthew Bender 3d ed. 1997) (court may dismiss or transfer action on non-merits grounds before resolving personal jurisdiction issues).

relevant inquiry is whether plaintiffs in the later action would be considered members of the class in the first action. *Samataro*, 2021 WL 228903, at *4 (citing *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016)).

The amended consolidated complaint in *Wright* defines the two nationwide putative classes as follows:

> **Prerecorded No Consent Class**: All persons in the United States who from four years prior to the filing of this action through trial (1) a Keller Williams real estate agent called, (2) on the person's cellular telephone number, (3) using a prerecorded voice message, and (4) whose telephone number was obtained from the same source that any Plaintiff's number was obtained from.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) one or more Keller Williams real estate agents called more than one time in the aggregate, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason that Plaintiffs Wright, Valdes, Samataro and/or Miskokomon were called, and (5) whose telephone number was obtained from the same source that any Plaintiff's number was obtained from.[21]

There is no doubt that Havassy falls within those two classes. He does not contend otherwise.[22]

This case and the first-filed case pending in the Western District of Texas have the same overlapping issues and share substantially similar factual allegations. Both accuse Keller Williams of violating the same provisions of the TCPA prohibiting the placement or initiation of calls to a cellular telephone using an automatic telephone dialing system or

---

[21] *See* Am. Consol. Compl. ¶ 182.

[22] *See* Pl.'s Opp'n to Def.'s Motion to Dismiss (Doc. No. 30) at 7.

prerecorded voice without the prior express written consent of the called party. Both allege Keller Williams used the LandVoice software program to place the unwanted calls to persons on the National Do Not Call Registry.

Havassy also does not dispute that the issues are similar in both cases.[23] Nor does he contend there are any exceptions to the first-filed rule. Instead, he argues that the Western District of Texas lacks personal jurisdiction over defendants Hewitt and Houston. Citing several Pennsylvania district court cases, he contends that the rule does not apply when the first-filed court "lacks jurisdiction over all necessary or desirable parties" or personal jurisdiction over all of the defendants is unsettled.[24] He also contends that Keller Williams has "fail[ed] to explain how the Western District of Texas could assert personal jurisdiction over defendants Hewitt and Houston."[25]

Whether the Texas court has personal jurisdiction over Hewitt and Houston does not preclude application of the first-filed rule. The first-filed rule does not require that the first action include "identical parties and identical issues." *Synthes*, 978 F. Supp. 2d at 457. Rather, it applies where there is "substantial overlap of the subject matter" between the first and the later case. *Id.* Because the parties need not be identical, there is no requirement that the first-filed court have personal jurisdiction over every party. *See Samataro*, 2021 WL 228903, at *6–*7 (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605–06 (5th Cir. 1999) (holding that it is unnecessary for the second-filed court to analyze the first-filed court's potential jurisdiction over all defendants before applying

---

[23] *Id.*

[24] *Id.* at 7, 10.

[25] *Id.* at 7.

8

the rule)).

If a defendant over whom the first-filed court may lack personal jurisdiction could defeat the application of the first-filed rule, a plaintiff in a later-filed case could frustrate the rationale to promote sound judicial administration and comity among courts by adding such a defendant.  Putting aside whether Havassy has standing to raise the issue of personal jurisdiction over the defendants, the issue of personal jurisdiction is better addressed by the court deciding the first-filed action.  Because the class definitions in *Wright* are almost identical to those here and all parties in this action are covered by those class definitions, we hold that the first-filed rule applies.

Now, we have the discretion to stay this action until the *Wright* case concludes or transfer it to the Western District of Texas to be consolidated with *Wright*.  *See Chavez*, 836 F.3d at 220.  Of the four substantially similar putative class actions brought against Keller Williams, this is the only one that is not consolidated with *Wright*.  Transferring this action for consolidation with *Wright* is more likely to promote comity among the courts and serve the interest of sound judicial administration than would staying the action.  Therefore, we shall transfer this action to the Western District.